### APPEAL OF DAVID A. TER BUSH.

Docket No. 4015.    Decided September 23, 1926.

Certain amounts credited to the taxpayer on the books of a corporation *held* not to be dividends.

*Fred A. Woodis, Esq.*, and *Luther F. Speer, Esq.*, for the petitioner.
*Benj. H. Saunders, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in income tax for the year 1919, in the amount of $916.87.

### FINDINGS OF FACT.

The petitioner is an individual, residing at Schenectady, N. Y. During the year 1919, he was the owner of 256 shares, or about 51 per cent of the capital stock of Ter Bush & Powell, Inc., a corporation organized under the laws of the State of New York and engaged in the general insurance business. The remainder of the capital stock was owned by one Powell. The petitioner was president of the corporation and in the year 1919 received a salary of about $14,000.

Some time in the year 1919, the petitioner and Powell were advised by an attorney that Ter Bush & Powell, Inc., was a personal service corporation and that they would be required to report in their personal income-tax returns the entire income of the corporation,

whether or not it was actually distributed. At the suggestion of the attorney, the entire surplus of the corporation as of October 31, 1919, was credited to the personal accounts of the petitioner and Powell, in proportion to the amounts of capital stock owned by them. The amount of such surplus credited to the petitioner was $12,786.33. On December 31, 1919, the personal account of the petitioner was credited with the amount of $5,075.95, representing his distributive share of the corporation's earnings for the year 1919. On that date Powell was also credited with his distributive share of the earnings for the year 1919.

When the amounts aforesaid were credited to the accounts of the petitioner and Powell, there was no dividend declared, and there was no intention that a dividend should be declared, or that the entire amounts so credited should be withdrawn from the corporation's business. At no time between October 31, and December 31, 1919, were the amounts so credited to the petitioner actually available to him if he had desired to withdraw them. He did, however, withdraw $1,957.21 on or before December 31, 1919.

The balance sheet of the corporation at December 31, 1919, was as follows:

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash | $1,141.43 | Capital Stock | $25,000.00 |
| Notes Receivable | 10,992.90 | Suspense | 21.34 |
| Premiums Receivable | 95,391.48 | Premiums Payable | 77,591.82 |
| Furniture and Fixtures | 5,953.02 | Notes Payable | 4,000.00 |
| G. S. McKearin, Inc | 292.05 | Travelers Insurance Co | 402.39 |
| Liberty Bonds | 5,350.00 | Commerford and Dolau | 536.25 |
| Suspense | 3,153.76 | Return Premiums Pending | 305.90 |
| Accounts Receivable | 143.00 | Liberty Bonds | 87.00 |
| Good Will | 25,000.00 | Premiums Rec. Suspense | 3,798.60 |
| | 147,417.64 | Depreciation Reserve | 2,334.06 |
| | | Accounts Payable: | |
| | | D. A. Ter Bush | 15,905.07 |
| | | L. C. Powell | 15,159.51 |
| | | G. S. Whitney | 1,137.85 |
| | | C. A. Haines | 1,137.85 |
| | | | 147,417.64 |

Ter Bush & Powell, Inc., reported as a personal service corporation for the year 1919, and the petitioner included in his personal return of income for that year his distributive share of the corporation's earnings. The Commissioner, however, determined that Ter Bush & Powell, Inc., was not entitled to personal service classification; that the amounts credited to petitioner on the corporation's books as of October 31 and December 31, 1919, were dividends to him, and that there is a deficiency in tax in the amount of $916.87.

MARQUETTE: We are of the opinion that there was no intention on the part of the stockholders and officers of Ter Bush & Powell, Inc., to declare dividends on October 31, and December 31, 1919, or that the entire amount credited to the stockholders on those dates should be withdrawn by them. They were advised by an attorney that Ter Bush & Powell, Inc., was a personal service corporation and that they would have to report the corporation's income in their personal returns, regardless of whether or not it was actually distributed, and the distribution was made on the books although it was not intended that the amounts so distributed should actually be withdrawn. It is apparent to us that the petitioner and Powell did not intend to withdraw these amounts from the business and that the book distribution would not have been made except for the fact that they were advised by their attorney that Ter Bush & Powell, Inc., was a personal service corporation and that they would be charged with the income of the corporation, even if it were not distributed. It may be further pointed out that the corporation did not have sufficient cash or other liquid assets to pay to the petitioner and Powell the amounts credited to them on the corporation's books. Since there was no intention to declare a dividend of the full amount of surplus and earnings or that they should be withdrawn, we are of the opinion that the petitioner should be charged only with the amount of such surplus earnings as he actually withdrew.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*